UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Travis Price,<br><br>PLAINTIFF,<br><br>v.<br><br>City of Rock Hill and Ralph Norman,<br><br>DEFENDANTS. | Case No. 0:21-cv-02686-TLW<br><br><br>**Order** |

Plaintiff Travis Price originally filed this action in York County Court of Common Pleas on July 19, 2021. ECF 1-1. The case was removed to federal court on August 20, 2021. Plaintiff asserts claims against the City of Rock Hill and one claim for defamation against Congressman Ralph Norman of South Carolina. This order addresses the singular issue of the "certification" process that provides a procedure under the Westfall Act, 28 U.S.C. § 2679, in which the Attorney General addresses the scope of employment question. The issue of certification was raised by the Plaintiff. The Plaintiff asserts Defendant Norman should be required to proceed with the certification process. Defendant Norman asserts that the certification process is not clearly required by the statute or caselaw and argues the Court should resolve the scope of employment issue, specifically whether Defendant Norman acted in an individual or official capacity. This is an important question in this case.

Defendant Ralph Norman filed a Motion to Dismiss Plaintiff Travis Price's Complaint based on sovereign immunity on November 19, 2021. ECF No. 33-1. This matter now comes before the Court for review of the Report and Recommendation

1

(Report) filed by United States Magistrate Judge Shiva V. Hodges. ECF No. 39. In the Report, the Magistrate Judge recommended that the Court deny Norman's motion to dismiss, ECF No. 33, 33-1. Defendant filed objections to the Magistrate Judge's Report on March 30, 2022. ECF No. 40.

The Court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections.... The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in *Wallace*, the Court has carefully reviewed the report, the objections, and relevant filings—including the cited cases and statutes. Specifically, the Court in addition to carefully reviewing the Report and Recommendation, carefully reviewed the objections to the Report, the reply to the

2

objections, and the memoranda filed by both parties in connection with the motion to dismiss. The Court also reviewed the existing caselaw that addresses the certification issue.

After considering the relevant statutory and caselaw, this Court concludes that the best approach is to proceed with a certification from the Attorney General as outlined in 28 U.S.C. § 2679 and 28 C.F.R. § 15.3. The Court finds the analysis by the Magistrate Judge persuasive. She states, citing relevant caselaw, that "[f]ew courts, both in this Circuit and otherwise, have addressed this issue; however, a review of those that have indicate that a party is premature in invoking the immunity provisions of the FTCA, as amended by the Westfall Act, prior to availing himself of the procedural provisions of the Westfall Act as found in 28 U.S.C. § 2679." ECF No. 39 at 14. The Plaintiff notes "if Defendant Norman obtains the required certification, the Plaintiff concedes the Westfall Act requires that he be dismissed and that the United States be substituted as the party defendant." ECF No. 37 at 5. Defendant Norman does state if the motion to dismiss is denied, he should be allowed "an opportunity to seek certification from the Attorney General." ECF No. 40 at 2.

The Supreme Court has previously noted that "the Westfall Act's language is far from clear" as to the impact of the certification process. *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 418, 115 S. Ct. 2227, 2228, 132 L. Ed. 2d 375 (1995). That may well be because that issue has not often been raised by counsel for parties or even raised by Courts evaluating the certification process. Again, the issue has been raised in this case. A ruling by this Court is required.

3

In light of the detailed analysis in the Report, the analysis by counsel in the memoranda, and in light of the relevant caselaw, the Defendant is directed to promptly proceed with the certification process. This Court will not impose a stay. The Defendant is directed to advise this Court within forty-five days from entry of this Order regarding the status of the certification process. For the reasons stated, the Report, ECF No. 39, is **ACCEPTED**, and the Objections to the Report, ECF No. 40, are **OVERRULED**. For the reasons stated in the report and those stated herein, Defendant Norman's motion to dismiss, ECF Nos. 33, 33-1, is denied without prejudice.

**IT IS SO ORDERED.**

                                                    _s/Terry L. Wooten_
                                            Senior United States District Judge

April 27, 2022
Columbia, South Carolina